UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:05CR-98-TBR

**JASON GOLDSMITH**                                              **MOVANT/DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**                            **RESPONDENT/PLAINTIFF**

## MEMORANDUM OPINION

Movant Jason Goldsmith filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 56). The Court reviewed the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and directed Goldsmith to show cause why his motion should not be denied as barred by the applicable statute of limitations. Goldsmith filed two responses (DNs 60 and 61) which appear to be identical in substance. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

### I.

Goldsmith pleaded guilty and was convicted on March 28, 2006, to six counts--manufacture of methamphetamine and aid and abet same; possession of chemicals with intent to manufacture methamphetamine and aid and abet same; attempt to manufacture 50 grams or more of methamphetamine and aid and abet same; possession of equipment, chemicals, and materials used to manufacture methamphetamine and aid and abet same; endangering human life while manufacturing methamphetamine and aid and abet same; and possession with intent to distribute methamphetamine. The Court sentenced Goldsmith to 219 months as to each of four counts and 120 months as to the remaining two, to be served concurrently, for a total term of 219 months.

Goldsmith did not file an appeal of his conviction. He filed the instant § 2255 motion on March 6, 2014.[1]

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

>(1)  the date on which the judgment of conviction becomes final;
>
>(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on March 28, 2006. The judgment became final on April 11, 2006, upon the

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

2

expiration of the ten-day period for filing a notice of appeal.[2]  Goldsmith had one year, or until April 11, 2007, in which to timely file a motion under § 2255.  Accordingly, Goldsmith's motion was filed almost seven years after the statute of limitations expired.  Under § 2255(f), therefore, Goldsmith's motion is time-barred and subject to dismissal.

Goldsmith argues in response to the Show Cause Order that, under § 2255(f)(4), his motion is not time-barred because he did not discover the facts supporting his claim until the date of the Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013).  In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155.  However, the Sixth Circuit has held that the rule in *Alleyne* does not apply retroactively to cases on collateral review.  *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).  Since *Alleyne* does not apply retroactively to Goldsmith's § 2255 motion, it does not extend the statute of limitations.  *See Wright v. United States*, No. 5:08CR0463, 2014 U.S. Dist. LEXIS 133428, at *5 (N.D. Ohio Sept. 22, 2014) ("Since *Alleyne* does not affect the fundamental fairness or accuracy of a criminal proceeding, and is not retroactively applicable, [the § 2255 motion] is time-barred."); *United States v. Coles*, No. 08-20351, 2014 U.S. Dist. LEXIS 67024, at *2 (E.D. Mich. May 15, 2014) (finding that because *Alleyne* does not apply retroactively to the movant's § 2255 motion, the motion was untimely); *United States v. Eziolisa*, No. 3:10-cr-039, 2013 U.S.

---

[2] At the time Goldsmith was sentenced, the appeal period was 10 days, Fed. R. App. P. 4(b) (eff. Dec. 1, 1993), and the intermediate weekends and legal holidays were not counted in the computation. Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2002). Effective December 1, 2009, the appeal period is now 14 days. Fed. R. App. P. 4(b)(1)(A).

Dist. LEXIS 102150, at *8 (S.D. Ohio July 22, 2013) ("*Alleyne* does not apply retroactively to [this] case so as to extend the statute of limitations.").

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In response to the Show Cause Order, Goldsmith argues that he is entitled to equitable tolling because, based on the *Alleyne* decision, he is actually innocent with respect to an 84-month sentence enhancement to which he pleaded guilty. The statute of limitations under § 2255 may be equitably tolled when the movant makes a credible claim of actual innocence based on new reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly*

4

*v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Souter*, 395 F.3d at 590. To make out a credible claim of actual innocence, Goldsmith is required to support his allegations of federal constitutional error with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow the court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id*. at 316; *Connolly*, 304 F. App'x at 417.

In the case at bar, Goldsmith does not argue any new facts or point to any new reliable evidence that was not presented previously. Even if Goldsmith's argument had merit, it rests not on factual innocence but on legal innocence, which does not give rise to equitable tolling. *Bousley*, 523 U.S. at 623. Therefore, he fails to establish that he is entitled to equitable tolling on the basis of actual innocence.

For the foregoing reasons, the Court will dismiss this action by separate Order.

### III. CERTIFICATE OF APPEALABILITY

In the event that Goldsmith appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists

of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Movant/Defendant Jason Goldsmith, *pro se*
        United States Attorney
4413.010